THE STATE v. LAURA STEWART.

*Concealing Birth of Child—Indictment.*

1. By §1004 of The Code, the secret burying or other secret disposal of the body of a dead child, born alive, is made a misdemeanor; and the endeavor to conceal the birth of such child is also a misdemeanor.

2. The form of the indictment set out in this case approved.

This was an INDICTMENT tried before *Avery, Judge,* at Fall Term, 1885, of the Superior Court of BURKE county.

The facts are stated in the opinion.

The *Attorney General,* for the State.
No counsel for the defendant.

SMITH, C. J. The indictment against the defendant is in the following form :

STATE OF NORTH CAROLINA, ⎱ Superior Court,
      BURKE COUNTY.          ⎰          Spring Term, 1885.

The jurors for the State, upon their oath, present that Laura
Stewart, late of the county of Burke, on the first day of March,
A. D. 1885, with force and arms at and in the county aforesaid,
unlawfully and wilfully did endeavor to conceal the birth of a
new born male child, not yet named, of her, the said Laura
Stewart, by then and there secretly placing and leaving the dead
body of said child in a secret place, contrary to the form of the
statute in such cases made and provided, and against the peace
and dignity of the State.

                                        J. S. ADAMS, *Solicitor.*

The indictment is framed upon an act ratified and taking effect
on March 12th, 1883, which as contained in §1004 of The Code,
is as follows: " If any woman or other person shall, by secretly
burying or otherwise disposing of the dead body of a new born
child of such woman or any other woman ; or endeavors to con-
ceal the birth of such child, such person shall be guilty of a mis-
demeanor, and punished by fine or imprisonment, to be in the
county jail or penitentiary, at the discretion of the Court: *Pro-
vided,* that the imprisonment in the penitentiary shall in no case
exceed a term of ten years ; *Provided further*, that nothing in this
statute shall be construed to prevent the mother, who may be guilty
of homicide of her child, from being prosecuted and punished for
the same according to the principles of the common law.   And
any person aiding, counseling, or abetting any woman in conceal-
ing the birth of her child, shall be guilty of a misdemeanor."

This enactment is a substitute for that contained in the Re-
vised Code, chapter 34, §28, which it repeals.   The defend-
ant's counsel, upon her arraignment to answer the imputed
offence, moved to quash the bill upon two grounds :   1st. That
the enactment upon which the indictment was founded, is so
vague and indefinite in its terms as not to create a criminal
offence; and   2nd. That the indictment itself fails to set out
and charge an indictable offence.

The motion was overruled and the plea of not guilty entered, upon the trial whereof she was convicted by the verdict of the jury. The counsel again moved in arrest of judgment, assigning the same reasons, which motion was also denied, and judgment being pronounced, she appealed to this Court.

There are no other exceptions contained in the record and the refused motions rest upon the same basis. We have not had the aid of an argument in support of the motions, nor any reference given by counsel to adjudged cases or other authority. Nor in our own investigations do we discover any error committed in the action of the Court in overruling them.

The statute constitutes the secret burying or other secret disposal of the body of a dead child, born alive, a misdemeanor; and also the endeavor to conceal the birth of such child. This latter is the criminal act imputed to the accused, and it is brought within the condemnation of the law by the averment of hiding of the body in a secret place, whereby its birth is attempted to be concealed.

It must be declared that there is no error, and the Court will proceed to judgment on the verdict, to which end let this be certified.

.No error. Affirmed.